IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VANESSA BILLY,<br><br>     Plaintiff,<br>v.<br><br>EDGE HOMES, LLC; EDGE CONSTRUCTION, LLC; STEVE MADDOX; DOES 1-59, inclusive,<br><br>     Defendants. | **ORDER RE: DISCOVERY MOTIONS HEARD ON 2/11/2021**<br><br>Case No. 2:19-cv-00058-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the Court are eight discovery motions: (1) Plaintiff's Motion for Protective Order (ECF 61); (2) Plaintiff's Motion for Short Form Discovery (ECF 69); (3) Plaintiff's Motion for Protective Order (ECF 84); (4) Defendants' Motion for Protective Order (ECF 62); (5) Defendants' Motion to Compel Discovery Responses (ECF 65); (6) Motion for Protective Order (ECF 76); (7) Penny Banks' Motion for Protective Order (ECF 75); and (8) Penny Banks' Motion for Protective Order (ECF 81). A hearing was held on February 11, 2021, at which Plaintiff was represented by Randy Andrus, Defendants were represented by Shaunda McNeill, and third-party movant Penny Banks was represented by Lisa Petersen. Oral argument was heard on all eight motions.

**DISCUSSION**

**I. Plaintiff's Motion for Protective Order (ECF 61)**

Plaintiff seeks a protective order preventing Defendants from issuing subpoenas to non-parties Statewide Process Servers and Terri Lynch (an employee of Statewide Process Servers). The Court finds that Plaintiff lacks standing to bring the motion and that the motion lacks merit.

For a party to have standing to challenge a third-party subpoena, the party "must present a personal right or privilege with respect to the information sought" by the subpoena. *Western Vision Software, L.C. v. Process Vision, LLC*, No. 1:12-cv-155, 2013 WL 1411778, at *1 (D. Utah Apr. 8, 2013). The party challenging the subpoena has the burden to demonstrate standing. *See id.*

The Court finds that Plaintiff lacks standing to bring this motion because she has failed to demonstrate a personal right or privilege with respect to the information sought by the subpoenas. Plaintiff characterizes the subpoenas as seeking information regarding the "efforts to serve Ms. Banks" with a subpoena issued by Plaintiff (ECF 61 at 2). Information regarding service attempts by a third-party process server do not implicate a "personal right or privilege" held by Plaintiff. A third-party process server is not an agent of a party's legal counsel, such that the work product doctrine would apply. Nor are communications between a third-party process server and a party's legal counsel privileged. Plaintiff lacks standing to bring the motion, and the motion is denied.

Furthermore, even if Plaintiff did not lack standing, the motion would be denied on the merits. A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Plaintiff seeks a protective order on the basis that the subpoenas "are attempts to annoy, embarrass, oppress, and subject a process server with undue burden and expense" and because they "violate the attorney work product privilege" (ECF 61 at 3). The Court finds that Plaintiff has not demonstrated "good cause" to issue a protective order. The subpoenas appear to have been noticed for a legitimate purpose of determining whether improper discovery practices are

being employed. Plaintiff has not demonstrated that the purpose of the subpoenas is to annoy, embarrass, or oppress. Nor has Plaintiff demonstrated that the subpoenas will subject the third parties to an undue burden. Therefore, even if Plaintiff had standing to bring the motion, the motion would be denied on the merits.

Under Rule 37, the Court may award reasonable expenses, including attorney's fees to a party who successfully opposes a discovery motion that was not "substantially justified." Fed. R. Civ. P. 37(a)(5)(C). The Court finds that this motion was not "substantially justified" because Plaintiff lacked any basis in law or fact to interfere with Defendants' issuance of the subpoenas to the third-party process servers. Having given Plaintiff's counsel an opportunity to be heard on this issue, the Court awards Defendants their attorney's fees incurred in opposing the motion and participating in oral argument on the motion. The fees shall be paid by Plaintiff's counsel because he has been directing the legal strategy and should have known the motion was not "substantially justified."

## II. Plaintiff's Motion for Short Form Discovery (ECF 69)

Plaintiff brings this Motion for Short Form Discovery seeking supplemental discovery responses from Defendants. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a party's claim or defense." *Dutcher v. Bold Films LP*, No. 2:15-cv-110-DB-PMW, 2017 WL 1901418, at *1 (D. Utah May 8, 2017) (citation and internal quotation marks omitted). However, in determining whether discovery

would be proportional to the needs of the case, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

    A.  <u>Request for Production No. 7</u>

Plaintiff's Request for Production ("RFP") No. 7 seeks all communications between individuals identified in Defendants' initial disclosures. Defendants have produced responsive communications for the period of Plaintiff's employment with Defendants. However, Plaintiff seeks production of communications for the approximately three-year period after Plaintiff's employment with Defendants ended. The Court finds that Defendants' current production is adequate, and that the burden and expense of the additional production would outweigh its likely benefit. Plaintiff's request is denied.

    B.  <u>Requests for Production Nos. 9, 35, and 36</u>

Plaintiff's RFPs Nos. 9, 35, and 36 request copies of insurance policies. Defendants have responded that they have analyzed their insurance policies and produced copies of the policies that may provide coverage for the claims asserted in this action. The Court finds that Defendants' response is adequate and that Defendants are not obligated to produce copies of insurance policies for which they have determined no coverage is available. Plaintiff's request is denied.

    C. <u>Requests for Production Nos. 15 and 16</u>

Plaintiff's RFPs Nos. 15 and 16 seek "any and all job postings and/or advertisements for any sales agent position at Edge from January 1, 2013 to present" and "any and all job descriptions for any sales agent position at Edge from January 1, 2013 to present." Defendants have objected that the temporal scope of the request is overbroad, that the request is disproportionate, and that the request calls for irrelevant information. The Court agrees with Defendants that the temporal scope of the request is overbroad. However, the Court finds that in light of the low relevancy threshold at the discovery phase, the requested documents should be produced with respect to the time period of Plaintiff's employment. Thus, Plaintiff's request is granted in part. Defendants shall produce any job postings, advertisements, and job descriptions for the position of "sales agent" that were created or in effect during the period of Plaintiff's employment with Defendants.

    D. <u>Request for Production No. 17</u>

Plaintiff's RFP No. 17 states: "Please produce any and all sales agent agreements, including any Independent Sales Contractor Services Agreement, signed by Vanessa Billy." Defendants responded that they do "not have any Independent Sales Contractor Services Agreement signed by Vanessa Billy." Plaintiff objects that Defendants' response does not adequately address the first component of the request, for "any and all sales agent agreements." The Court agrees and orders Defendants to supplement their response to respond to the first component of RFP No. 17.

E. Request for Production No. 18

Plaintiff's RFP No. 18 seeks "any and all photographs and/or video of Vanessa Billy, including any taken of her at or about the time she became a sales agent." Defendants responded that they have searched for responsive documents and produced what they found. The Court finds that Defendants' response is adequate. Plaintiff's request is denied.

F. Request for Production Nos. 19, 21, 22, and 30, and Interrogatory No. 2

Plaintiff's RFPs Nos. 19, 21, 22, and 30 and Interrogatory No. 2 seek personal and financial information regarding all Edge sales agents from 2015 to the present and regarding 25 named employees/contractors. Defendants object that these requests are an inappropriate invasion of privacy as to both Edge and its current and former personnel and that the requested information is not relevant or proportional to Plaintiff's claims of workplace harassment. Plaintiff stated at oral argument that the information requested is relevant to damages. The Court finds that each of these requests is overbroad and is not proportional to the needs of the case. If Plaintiff requires any of the requested information to calculate her damages, she is instructed to significantly narrow the requests to seek only the information necessary for that purpose.

G. Request for Production No. 20

Plaintiff's RFP No. 20 seeks "any and all 'documents' and 'writings' which refer to, relate to, or are evidence of any Edge sales agent training in or about September 2017 through February 2018." Defendants responded that the request is overbroad, irrelevant to Plaintiff's claims, and seeks confidential information. The Court finds that the request is disproportionate to the needs of the case, but only to the extent it seeks documents other than the training materials used in the sales agent training in which Plaintiff personally participated. Plaintiff's

6

request is denied in part and granted in part. Defendants are ordered to produce the training materials used in the sales agent training in which Plaintiff personally participated.

H.  Request for Production No. 23

Plaintiff's RFP No. 23 seeks all communications "from January 1, 2016 to present" "regarding Plaintiff and/or any issue in this Action" between 23 individuals identified in Plaintiff's initial disclosures. Defendants responded that this request is burdensome and disproportionate to the needs of the case, particularly considering that during her deposition Plaintiff only identified a handful of individuals who were knowledgeable about the allegations in the Amended Complaint. The Court agrees with Defendants and finds that communications would be relevant only if exchanged among individuals with knowledge of Plaintiff's allegations. The Court therefore orders Defendants to search the Edge email accounts of the individuals who Plaintiff identified in her deposition as being knowledge about the allegations during the period of their work for Edge. The search and production shall be limited to the period of Plaintiff's employment with Edge. Accordingly, Plaintiff's request is denied in part and granted in part.

I.  Request for Production No. 24

In RFP No. 24, Plaintiff seeks communications between Defendant Steve Maddox and one of his sons, regarding Plaintiff or the allegations in the Amended Complaint. Defendants responded that Mr. Maddox's email and text messages have already been searched, and any responsive communications have already been produced. Plaintiff requests that Defendants verify that all email accounts of Mr. Maddox have been searched, including any private email accounts that he might maintain. The Court grants this request orders Defendants to supplement

their response to confirm that any private email account of Mr. Maddox has also been searched and responsive documents have been produced.

J. Request for Production No. 31

Plaintiff's RFP No. 31 seeks documents and communications relating to Penny Banks, with whom Mr. Maddox has acknowledged having a long-term romantic relationship. The request specifically seeks "email and text, sexting, gifts, loans, vehicle(s), purchase(s) of any real and/or personal property." Defendants and third-party Ms. Banks responded that the request seeks information that is irrelevant to Plaintiff's workplace harassment claims and that the request is intended to annoy, embarrass, and intimidate Mr. Maddox and Ms. Banks. The Court agrees with Defendants and Ms. Banks that none of the information sought by this request has any relevance to Plaintiff's claims and that these requests appear to be intended to annoy, embarrass, and intimidate Mr. Maddox and Ms. Banks. *See infra*, Section VI. Plaintiff's request is denied.

K. Request for Production Nos. 32 and 33, Interrogatories 3 and 4

In RFPs No. 32 and 3 and Interrogatories 3 and 4, Plaintiff seeks documents and information regarding Mr. Maddox's experiences and companions from the mission he served with the Church of Jesus Christ of Latter-day Saints approximately three decades ago. The Court finds that these requests and interrogatories are irrelevant to Plaintiff's claims, disproportionate to the needs of the case, and appear to have been propounded for the purpose of harassing Mr. Maddox. Plaintiff's requests are denied.

L.  Request for Production No. 34

Plaintiff's RFP No. 34 seeks "any and all organizational chart(s) for Edge from January 1, 2015 to present." Defendants objected to the temporal scope of this request but purported to produce "documents responsive to this request which are representative of the time during which Plaintiff was employed by Defendants. See documents previously produced as Edge00006233–34" (ECF 69-2 at 12). The Court finds that this response is adequate. Plaintiff's counsel stated that the documents identified by bates numbers in Defendants' response do not resemble an organizational chart. Defendants' counsel agreed to determine whether the bates numbers were correctly identified. Accordingly, this request is granted only to the extent that Defendants shall include in their supplemental response a statement as to whether the bates numbers were correctly identified and, if not, a statement as to the correct bates numbers. For avoidance of doubt, Defendants are not required to create or modify any organization chart for purpose of responding to this or any discovery request.

M.  Interrogatory No. 1

Plaintiff's Interrogatory No. 1 seeks contact information for several individuals. This interrogatory is the subject of Defendants' Motion for Protective Order (ECF 62). For the reasons stated with respect to the Court's ruling on that motion, Plaintiff's request is denied.

N.  Attorney's Fees

Under Rule 37, the Court may award reasonable expenses, including attorney's fees to a party who successfully opposes a discovery motion that was not "substantially justified." Fed. R. Civ. P. 37(a)(5)(C). Here, Defendants have successfully opposed Plaintiff's motion in nearly

all respects. The Court considers the question of fees a close call but will deny them because the Court finds that a few of Plaintiff's requests were "substantially justified." Fees are denied.

### III. Plaintiff's Motion for Protective Order (ECF 84)

Plaintiff moves for a protective order to prevent Defendants from taking the depositions of her adult children, Logan Billy and Madalynn Billy. Plaintiff argues that these depositions will cause annoyance and embarrassment and that they are "one-sided" (ECF 84 at 3). Defendants argue that the depositions are necessary because Plaintiff has placed her personal life and emotional state at issue by seeking damages for emotional distress.

In the Amended Complaint, Plaintiff seeks damages under Title VII for "emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, loss of enjoyment of life, and other physical, mental, and intangible injuries" (ECF 24, ¶ 69). She also seeks tort damages for "extreme and severe pain and suffering, both physical and mental," "a diminution in the ability and capacity to work, earn money and perform household and other services in the future," and "non-economic damages, including a loss of enjoyment of life" (*Id*. ¶¶ 78, 88, 114). The Court finds that Defendants' attempts to take the depositions of Plaintiff's adult children are reasonable and necessary based on Plaintiff's damages claims and based on Plaintiff's testimony that her children witnessed her mental state following her termination from Edge and that she told her daughter about specific allegations in the Amended Complaint (Deposition of Vanessa Billy, ECF 86-1, at 265.21 –266:10; 208:25 – 209:13; 215:25 – 217:22). Plaintiff has failed to demonstrate that the purpose of the depositions of Plaintiff's children is to annoy or embarrass Plaintiff or the children.

Plaintiff's motion states, "Defendants' Subpoenas also lack the requisite jurisdiction, including for individuals out-of-state in other jurisdictions, notice, and timing" (ECF 84 at 3). Aside from this conclusory and incomplete statement, Plaintiff fails to identify any jurisdictional or procedural deficiencies with the subpoenas. Further, Plaintiff has brought the motion as one for a protective order under Rule 26(c); Plaintiff has not moved to quash the subpoenas. Moreover, it is premature to determine whether the subpoenas were properly issued because they appear not to have been issued at the time of Plaintiff's motion. For these reasons, the Court will not consider Plaintiff's vague jurisdictional argument. Plaintiff's motion is denied.

Under Rule 37, the Court may award reasonable expenses, including attorney's fees, to a party who successfully opposes a discovery motion that was not "substantially justified." Fed. R. Civ. P. 37(a)(5)(C). The Court finds that Plaintiff's motion was not "substantially justified" because Plaintiff lacked any basis in law or fact to interfere with Defendants' issuance of the subpoenas to her adult children. Having given Plaintiff's counsel an opportunity to be heard on this issue, the Court awards Defendants their attorney's fees incurred in opposing the motion and participating in oral argument on the motion. The fees shall be paid by Plaintiff's counsel because he has been directing the legal strategy and should have known the motion was not "substantially justified."

### IV. Defendants' Motion for Protective Order (ECF 62)

Defendants move for a protective order to prevent Plaintiff from contacting the following individuals and groups:

- Mr. Maddox's former mission companions;
- Parents of Mr. Maddox's ex-wife;
- Parents of Mr. Banks;

11

- Mr. Maddox's former business partner (who departed Edge before Plaintiff was hired); and
- All Edge sales agents (i.e. realtors) who worked at the company within the past 5 years.

Defendants filed this motion because Plaintiff sought contact information for the foregoing individuals and groups in Plaintiff's Interrogatories.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Siegel v. Blue Giant Equip. Corp.*, 793 F. App'x 737, 744 (10th Cir. 2019).

Here, the Court finds there is good cause to issue an order preventing Plaintiff from contacting the former mission companions of Mr. Maddox, the parents of Mr. Maddox's ex-wife, the parents of Ms. Banks, the former business partner of Mr. Maddox who departed Edge before Plaintiff was hired, and the Edge sales agents whose work for Edge did not overlap with Plaintiff's employment. The Court finds that there is no basis to believe the foregoing individuals and groups would have information that is relevant to Plaintiff's claims. The interrogatories seeking contact information for these potential witnesses appear to be propounded to annoy, embarrass, and intimidate Mr. Maddox and Ms. Banks. Accordingly, Defendants' motion is granted except with respect to Edge sales agents whose work for Edge overlapped with Plaintiff's employment at Edge.

Under Rule 37, the Court must award reasonable expenses, including attorney's fees to a party who whose discovery motion is granted unless (i) the party failed to meet and confer, (ii) the other party's position was "substantially justified," or (iii) other circumstances make the

award unjust. Fed. R. Civ. P. 37(a)(5)(A). Because it appears that meet and confer efforts were inadequate and Plaintiff's efforts were substantially justified with respect to this subclass of the sales agents, the Court denies an award of attorney's fees.

V.  **Defendants' Motion to Compel Discovery Responses (ECF 65)**

Defendants bring this discovery motion seeking to compel supplemental discovery responses from Plaintiff. Defendants argue that Plaintiff has impermissibly relied on boilerplate objections and has failed to specify whether documents and information have been withheld on the basis of the objections or on the basis of privilege, as set forth in Plaintiff's privilege log.

"[A] responding party's objections must have a special determining quality that is peculiar to or characteristic of the request to which the responding party is objecting." *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 446 (D. Utah 2020) (internal quotation marks omitted). A responding party must "show specifically how each [request] is not relevant," "is overly broad, burdensome or oppressive," and must "attempt to articulate the particular harm that would accrue if the responding party were required to respond[.]" *Id*. at 446–47 (citation and internal quotation marks omitted). In addition, responding to an RFP requires producing documents or "stat[ing] whether any responsive materials are being withheld on the basis of [an] objection." *Id*. (citation and internal quotation marks omitted). Similarly, when the basis for withholding documents is privilege, the party must privilege log or other document that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

Having examined Plaintiff's discovery responses, the Court finds that Plaintiff has impermissibly relied on boilerplate objections and vague assertions of privilege. Defendants' motion is granted. Plaintiff is ordered to provide supplemental discovery responses with respect to Defendants' RFP 2, 3, 5, 10-14, 16-18, and 21-27 and Interrogatories 4-13, and to provide a privilege log that satisfies the requirements of Rule 26(b)(5)(A).

Under Rule 37, the Court must award reasonable expenses, including attorney's fees to a party who whose discovery motion is granted unless (i) the party failed to meet and confer, (ii) the other party's position was "substantially justified," or (iii) other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A). The Court finds that Plaintiff's position was not "substantially justified" because Plaintiff's discovery responses are contrary to the requirements of the Federal Rules of Civil Procedure and the precedent of this Court. However, because it does not appear that there was adequate meet and confer efforts before filing of the motion, attorney's fees are denied.

### VI. Motions Regarding Penny Banks (ECF 75; ECF 76; ECF 81)

There are three motions that pertain to Plaintiff's attempts to seek discovery from and regarding third party Penny Banks. Two of the motions were filed by Ms. Banks (ECF 75; ECF 81), and one was filed by Defendants (ECF 76).

Under Rule 26, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* R. 26(c)(1). Here, the heart of the parties' dispute is whether Mr. Maddox's relationship with Ms.

Banks is relevant to Plaintiff's claims of workplace sexual harassment. Plaintiff argues that because Mr. Maddox and Ms. Banks engaged in a romantic relationship for many years, including during the period in which Ms. Banks worked as a sales agent for Edge, Plaintiff should be permitted to take intrusive discovery to determine whether the relationship was consensual and to demonstrate a pattern of sexual misconduct by Mr. Maddox. Defendants and Ms. Banks argue that because the relationship between Mr. Maddox and Ms. Banks was consensual and because Ms. Banks was not a sales agent at the time Plaintiff was employed at Edge any discovery regarding Ms. Banks has no relevance to Plaintiff's claims.

Defendants and Ms. Banks rely on *Plott v. Advanced Comfort Techs.*, No. 1:18-CV-00048-TC-PMW, 2020 WL 375604 (D. Utah Jan. 23, 2020), in which this Court held that a defendant's "private conduct" lacks "any bearing on whether [defendant] engaged in unwelcome conduct towards [plaintiff] in the workplace." *Id.* at *2. In *Plott*, the plaintiff asserted workplace sexual harassment claims and attempted to support them with evidence to be obtained from a third-party dating website used by the defendant. *Id.* at *1. The plaintiff wished to subpoena the third-party dating website for the defendant's communications through the website, the defendant's profile information, and the defendant's billing information. *Id*. This Court granted Defendants' motion to quash and issued a protective order prohibiting the discovery, finding the defendant's dating activities not to be relevant to the plaintiff's claims. *Id.* at *2. The plaintiff "failed to persuade the court that any information concerning [the defendant's] private conduct has any bearing on whether [he] engaged in unwelcome conduct towards [plaintiff] in the workplace." *Id*. This Court concluded that "[g]iven the lack of relevance of the information,"

15

"disclosure of the information would serve no other purpose than to embarrass [the defendant]." *Id.*

The Court finds the *Plott* case persuasive and applicable to the present matter. Plaintiff has failed to persuade the Court that information concerning Mr. Maddox's romantic relationship with Ms. Banks has any bearing on whether he engaged in unwelcome conduct towards Plaintiff in the workplace. *See also Stephens v. Rheem Mfg. Co.*, 220 F.3d 882, 885 (8th Cir. 2000) ("[C]onsensual affairs and unwelcome sexual harassment are entirely separate exploits, with distinct motivations and underlying conduct."). Plaintiff has not identified any deposition testimony, declarations, or documentary evidence suggesting that Ms. Banks' work environment at Edge was hostile or that the relationship was based on quid pro quo sexual harassment. Plaintiff's unsupported suspicions are insufficient to justify intrusive discovery into the private lives of Mr. Maddox and Ms. Banks.

Plaintiff further attempts to justify the discovery by arguing that Ms. Banks is knowledgeable about the work environment at Edge. However, it is undisputed that Plaintiff and Ms. Banks did not work at Edge at the same time and have never even met one another (*See* Declaration of Penny Banks, ECF 81-4 at ¶¶ 16, 18; Deposition of Vanessa Billy at 32:7-11, ECF 86-1). Therefore, Ms. Banks lacks first-hand knowledge as to Plaintiff's work environment. Even if Ms. Banks' knowledge of the work environment at Edge during her tenure had some minimal relevance to the work environment when Plaintiff was hired a few months later, its probative value would be dwarfed by that of the sales agents who actually worked with Plaintiff. Plaintiff's counsel admitted during oral argument that Plaintiff has not noticed the depositions of any sales agents who worked at Edge during Plaintiff's employment. This

admission confirms that Plaintiff's motive in seeking discovery from Ms. Banks is not to seek information about the work environment. Rather, her purpose appears to be to annoy, embarrass, and intimidate Ms. Banks and Mr. Maddox by intruding into and exposing their romantic relationship.

With respect to the three motions involving Ms. Banks, attorney's fees were requested only with respect to the motion brought by Defendants (ECF 76). Under Rule 37, the Court must award reasonable expenses, including attorney's fees to a party who whose discovery motion is granted unless (i) the party failed to meet and confer, (ii) the other party's position was "substantially justified," or (iii) other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A). The Court finds that Defendants adequately attempted to meet and confer with Plaintiff's counsel prior to filing their motion. Defendants' counsel served an objection to Plaintiff's first subpoena to Ms. Banks, met and conferred with Plaintiff's counsel on October 29, 2020, and November 24, 2020, and made further efforts to meet and confer with Plaintiff's counsel in December of 2020. The Court finds that Plaintiff's position was not "substantially justified" because she failed to articulate a good faith basis for the discovery sought from or regarding Ms. Banks. As set forth above, the discovery appears to have been calculated to annoy, embarrass, and intimidate, rather than to seek probative information. Having given Plaintiff's counsel an opportunity to be heard on this issue, the Court awards Defendants their attorney's fees incurred in bringing the motion and their reply and participating in oral argument on the motion. The fees shall be paid by Plaintiff's counsel because he has been directing the legal strategy and should have known the efforts to take discovery regarding Ms. Banks were not "substantially justified."

## **CONCLUSION**

In summary, IT IS HEREBY ORDERED that:

1. Plaintiff's Motions for Protective Order (ECF 61; ECF 84) are DENIED;

2. Plaintiff's Motion for Short Form Discovery (ECF 69) is GRANTED IN PART AND DENIED IN PART;

3. Defendants' Motion to Compel Discovery Responses (ECF 65) and Motion for Protective Order (ECF 76) are GRANTED;

4. Defendants' Motion for Protective Order (ECF 62) is GRANTED IN PART AND DENIED IN PART;

5. Penny Banks' Motions for Protective Order (ECF 75; ECF 81) are GRANTED;

6. The court GRANTS attorney's fees to Defendants for opposing Plaintiff's Motions for Protective Order (ECF 61; ECF 84), for filing their Motion for Protective Order (ECF 76), and for oral argument on these motions. The court DENIES all other requests for fees.

IT IS FURTHER ORDERED that:

1. Both parties shall submit supplemental discovery responses as ordered above and discussed at the hearing within 20 days of the entry of this Order.

2. The parties shall meet and confer regarding the amount of Defendants' fee award. If the parties are unable to reach an agreement, Defendants may file a fee motion and supporting declaration within 15 days of the entry of this Order, and Plaintiff may file an objection within 10 days of the filing of the fee motion and declaration. The attorney's fee awards apply to all briefing by Defendants (including, where applicable, reply briefs), and to a proportional amount of the 2-hour and 40-minute hearing on February 11, 2021. The attorney's fee awards are assessed against Plaintiff's counsel, not against Plaintiff personally.

3. For purposes of future discovery disputes, the parties shall meet and confer via phone or video conference within 7 days of a discovery dispute arising. Failure to comply with this order is grounds for a party to file a motion for sanctions.

DATED this 26 February 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah